UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERTO RAMOS PENA, | Civil Action No. 16-1905 (MCA) |
| Petitioner, | |
| v. | MEMORANDUM OPINION |
| WARDEN CHARLES GREEN, | |
| Respondent. | |

This matter has been opened to the Court by Petitioner Roberto Pena's submission of a Verified Petition for Writ of Habeas Corpus challenging his prolonged detention pursuant to 28 U.S.C. § 2241 (ECF No. 1). For the reasons explained in this Memorandum Opinion, the Court will dismiss the petition because Petitioner has already received an individualized bond hearing before an immigration judge, and he has failed to exhaust his administrative remedies as to any possible claim that he is entitled to a second bond hearing on the basis of changed circumstances.

The Court recounts only the facts necessary to the instant Memorandum Opinion. In his Petition, dated April 1, 2016, Petitioner states that he has been detained "without bond" by the Department of Homeland Security ("DHS") since September 4, 2015. (*Id.* at 2.) On May 19, 2016, the Court directed Respondent to answer the Petition. (See ECF No. 2.) On June 30, 2016, Respondent filed its Answer. (ECF No. 4.)

The Answer filed by Respondent establishes the following relevant facts. Petitioner, who is currently detained at the Essex County Correctional Facility in New Jersey, is a citizen of El Salvador and was taken into the custody of Immigration and Customs Enforcement ("ICE") on or about September 4, 2015. Petitioner was placed in removal proceedings after the DHS issued

1

a Notice to Appear ("NTA") on or about September 4, 2015. (*See* Exhibit A to Respondent's Answer; *see also* Petition at page 2.) He was charged as removable pursuant to INA § 212(a)(6)(A)(i) as "an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General". (*See id.* at Exhibit A.) When ICE detained Petitioner, it issued a "Notice of Custody Determination" which determined that Petitioner was to be detained without bond. (*See* Exhibit B to Respondent's Answer.) On that same day, Petitioner requested a bond hearing to re-determine the original decision to detain him without bond. (*See* Exhibit C to Respondent's Answer.) On October 21, 2015, Petitioner was afforded an individualized bond hearing before an immigration judge ("IJ"), and the IJ determined in a written decision issued on November 4, 2015, that Petitioner was to remain detained without bond. (*See* Bond Appeal Decision dated Nov. 4, 2015, at 2-3, attached as Exhibit D to Respondent's Answer.) The IJ specifically found that DHS had met its burden to show that Petitioner is a danger to the community. (*Id.*) Petitioner apparently reserved his right to appeal the IJ's determination; however, Respondent has not provided any documentation suggesting that Petitioner appealed the IJ's determination to the Board of Immigration Appeals ("BIA").

On April 1, 2016, Petitioner submitted the instant habeas Petition alleging unlawful detention by DHS/ICE for over seven months. (ECF No. 1, Pet. at 2.) When Petitioner was taken into custody by DHS/ICE in September 2015, he was subject to pre-final order of removal detention pursuant to INA § 236(a), 8 U.S.C. § 1226(a). Section 1226(a) authorizes the arrest, detention and release of aliens on bond pending a decision on whether the alien is to be removed from the United States, except as provided in § 1226(c). *See* 8 U.S.C. § 1226(a). Section 1226(c), an exception to § 1226(a), mandates detention of specified criminal aliens during

2

removal proceedings, provided detention does not continue for a prolonged period of time. *See* 8 U.S.C. § 1226(c); *Diop v. ICE/Homeland Sec.*, 656 F.3d at 232 ("At a certain point, continued detention becomes unreasonable and the Executive Branch's implementation of § 1226(c) becomes unconstitutional unless the Government has justified its actions at a hearing inquiring into whether continued detention is consistent with the law's purposes of preventing flight and dangers to the community"); *see also Nepomuceno v. Holder*, No. CIV. 11-6825 WJM, 2012 WL 715266, at *4 (D.N.J. Mar. 5, 2012) (explaining same). As noted by Respondents, Petitioner is being held under the discretionary detention provision of 8 U.S.C. § 1226(a), in which he is entitled to a bond hearing, and not 8 U.S.C. § 1226(c), which requires a bond hearing only in cases of unreasonably prolonged detention. *See, e.g., Garcia v. Green*, No. 16-0565(KM), 2016 WL 1718102 (D.N.J. April 29, 2016).

Here, Petitioner has already received a bond hearing – the only remedy available to him before this Court. *See* 8 C.F.R. § 1003.19(c). Petitioner, who has not filed a reply to Respondent's Answer, does not allege in his Petition that the October 21, 2015 bond hearing was anything less than a *bona fide* hearing, and this Court does not have the power to second guess the discretionary decision of the IJ to deny Petitioner's release on bond. *See Pena v. Davies*, No. 15-7291 (KM), 2016 WL 74410, at *2 (D.N.J. Jan. 6, 2016) (citing 8 U.S.C. 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien, or the grant, revocation, or denial of bond or parole")); *see also Reeves v. Johnson*, No. 15-1962, 2015 WL 1383942, at *3 (D.N.J. Mar. 24, 2015) (Chesler, J.) ("The present petition might be liberally construed as containing a claim that the IJ erred in finding Petitioner to be a flight risk because he has been a law-abiding

citizen for many years after his criminal conviction. This Court, however, does not have jurisdiction over discretionary agency decisions.") (citing *Pisciotta v. Ashcroft*, 311 F. Supp. 2d 445, 454 (D.N.J. 2004) (Greenaway, J.)); *Harris v. Herrey*, No. 13-4365, 2013 WL 3884191, at *1 (D.N.J. July 26, 2013) ("If [the detainee] requests, but is wrongfully denied, a bond hearing, he may ask this Court to order that such a hearing be held. After a *bona fide* bond hearing, the immigration judge might grant, or deny, release on bond. I would not have the power to overrule such a denial of release after a bona fide hearing.") (footnote omitted). Here, it appears that the Petition is subject to dismissal because Petitioner has received the only relief he could have been granted – specifically, a bond hearing before the IJ.

The Court further notes that Petitioner may seek bond redetermination based upon changed circumstances, *see* 8 C.F.R. § 1003.19(e); the Petition, however, does not allege that Petitioner has sought (and been denied) a second bond redetermination hearing based on changed circumstances. Furthermore, any claim for a second bond hearing based on changed circumstances must be made to the immigration court, and any adverse decision must be appealed to the BIA. *See* 8 C.F.R. § 1003.19(e). Accordingly, to the extent Petitioner is seeking second bond hearing, it appears that he has not exhausted his administrative remedies. *Nepomuceno*, 2012 WL 715266, at *2 ("Although 28 U.S.C. § 2241 contains no exhaustion requirement, '[o]rdinarily, federal prisoners are required to exhaust their administrative remedies prior to seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241.'") (citing *Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir.1998)).

For the reasons explained in this Memorandum Opinion, the Petition is dismissed. An appropriate Order follows.

4

Madeline Cox Arleo, U.S.D.J.

2/1/17